IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDWARD HEROD,

    Plaintiff,

v.                                Civil Action No. 3:12cv712

FISHER & SON COMPANY,
INC., et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Edward Herod's MOTION TO REMAND (Docket No. 6) and DEFENDANT FISHER & SON COMPANY, INC.'S MOTION FOR LEAVE TO AMEND ITS NOTICE OF REMOVAL (Docket No. 10.) For the reasons set forth herein, PLAINTIFF EDWARD HEROD'S MOTION TO REMAND (Docket No. 6) will be denied and DEFENDANT FISHER & SON COMPANY, INC'S MOTION FOR LEAVE TO AMEND ITS NOTICE OF REMOVAL (Docket No. 10) will be denied as moot.

**PROCEDURAL BACKGROUND**

On September 28, 2011, Edward Herod ("Herod") filed a Warrant in Debt against Fisher & Son Co., Inc. ("Fisher & Son") in the General District Court for the City of Richmond, Virginia, alleging that Fisher & Son had failed to make an installment payment pursuant to a contract between the parties ("Herod I"). Herod I was tried and Herod lost. Then, Herod filed a de novo appeal to the Circuit Court for the City of Richmond ("Circuit Court"). The appeal is pending.

Approximately one year later, on September 14, 2012, Herod filed another action against Fisher & Son, this time in the Circuit Court, seeking recovery of the subsequent twelve months' worth of installment payments ("Herod II"). Herod also simultaneously filed a Motion to Consolidate Herod II with Herod I.

Fisher & Son, rather than responding to the second complaint or responding to the Motion to Consolidate, filed its Notice of Removal with this Court on the basis of diversity jurisdiction. In pleading its grounds for removal, Fisher & Son alleged:

> 4. Fisher & Son is a corporation incorporated in Pennsylvania, having its principal place of business in Pennsylvania. For purposes of diversity jurisdiction, Fisher & Son is therefore considered a citizen of Pennsylvania. Fisher & Son is not a citizen of Virginia.
> 5. According to his allegations, Plaintiff is a citizen of Virginia. (Compl. ¶ 1.) Thus, complete diversity of citizenship exists for purposes of 28 U.S.C. § 1332.

(Notice of Removal ¶¶ 4-5, Docket No. 1.)[1] The original Complaint for Herod II contains the following allegations concerning the citizenship of the parties:

> 1. Herod is a Virginia resident residing in the County of Henrico, Virginia.
> 2. Upon information and belief, Fisher is a corporation operating under the laws of the Commonwealth of Pennsylvania. At all times relevant to this suit, Fisher is and was registered to transact business within the Commonwealth of Virginia.

---

[1] Fisher & Son also plead that the amount in controversy exceeds $75,000, and Herod does not argue that this allegation was insufficient.

2

(Compl. ¶¶ 1-2.)

Herod argues that the Notice of Removal is insufficient to establish that diversity jurisdiction existed both at the time of the Notice of Removal and at the time of the filing of the initial Complaint (hereinafter referred to as the "double designation requirement"). Says Herod, that defect is fatal, and necessitates remand of the case to the state court.

## LEGAL STANDARD

Federal law allows for removal, by a defendant, of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To effectuate removal, the defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). Because of the "significant federalism concerns implicated" by the removal of an action from state court, federal courts must strictly construe removal statutes. Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005) (quoting Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005)) (internal quotation marks omitted). The party seeking removal carries the burden of demonstrating jurisdiction. Id. at 439 (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)).

3

## ANALYSIS

Herod argues that, because the Complaint uses the word "is" to describe the citizenship of the parties, (see Notice of Removal ¶¶ 4-5, Docket No. 1), it establishes only that the citizenship of the parties was diverse at the time of the filing of the Notice of Removal, and therefore does not satisfy the double designation requirement. Herod further argues that such a defect is "fatal" to the Notice of Removal.

In support of his argument, Herod cites Hubbard v. Tripp, 611 F. Supp. 895 (E.D. Va. 1985), and Outdoor World Corp. v. Calvert, 618 F. Supp. 446 (E.D. Va. 1985). In Hubbard, the court stated that "[T]here is a long line of authorities supporting the proposition that when diversity of citizenship is a basis of removal jurisdiction, it must exist both at the time the original action is filed in the state court and at the time the removal is sought." Hubbard, 611 F. Supp. at 896 (alteration in original) (quoting 14A Charles Alan Wright et al., Federal Practice and Procedure, Jurisdiction 2d § 3723 (1985)) (internal quotation marks omitted). Calvert, decided several months after Hubbard, simply reaffirms Hubbard's reasoning. See Calvert, 618 F. Supp. at 448.

### A. Relevant Pleading Standard

Fisher & Son opposes the Motion to Remand on several grounds. First, Fisher & Son argues that federal law no longer requires a notice of removal to satisfy the double designation requirement. This

argument is premised on the fact that § 1446(a) was amended in 1988, three years after Hubbard and Calvert. Fisher & Son takes the view that this amendment was interpreted by the Fourth Circuit, in Ellenburg v. Spartan Motor Chassis, Inc., to replace the old "code pleading" standard of the pre-1988 version of § 1446(a) with a standard that permits "general allegations of citizenship" to suffice to establish party diversity. (Def.'s Opp. 3, Docket No. 9) (citing Ellenburg, 519 F.3d 192, 200 (4th Cir. 2008)). Fisher & Son misinterprets Ellenburg on this point.

The issue in Ellenburg was whether the defendant had sufficiently alleged that the amount in controversy was in excess of $75,000, an issue raised sua sponte by the district court. 519 F.3d at 194. The plaintiff had alleged that:

> The value of the matter in dispute in this case, upon information and belief, exceeds the sum of Seventy Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs, as it appears from the allegations contained in Plaintiff's Complaint. Defendants' counsel believes in good faith that the amount in controversy in this case meets and exceeds the $75,000 limit required for diversity jurisdiction.

Id. at 195. The district court remanded, holding that this allegation was "without more, . . . inadequate to establish that the amount in controversy exceeds the jurisdictional amount." Id. (quoting Ellenburg v. Tom Johnson Camping Ctr., Inc., No. 8:06-cv-1606, 2006 WL 1576701, at *3 (D.S.C. May 31, 2006)) (internal

quotation marks omitted). On appeal,[2] the Fourth Circuit held that the district court should not have raised the issue of a procedural defect <u>sua sponte</u>, and also that the pleading was "sufficient as a matter of law to allege subject matter jurisdiction." <u>Id.</u> at 199.

In reversing the district court, the Court of Appeals explained that the amendment to § 1446(a) was for the purpose of establishing pleading requirements for notices of removal that were "deliberately parallel to the requirements for notice pleading found in" Fed. R. Civ. P. 8(a). <u>Id.</u> Accordingly,

> [I]t was inappropriate for the district court to have required a removing party's notice of removal to <u>meet a higher pleading standard</u> than the one imposed on a plaintiff in drafting an initial complaint. Therefore, just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that "[t]he matter in controversy exceeds . . . [$75,000]," so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner.

<u>Ellenburg</u>, 519 F.3d at 200 (second alteration in original) (emphasis added) (internal citations omitted). Thus, <u>Ellenburg</u> cannot be said to have abolished the double designation requirement. Rather,

---

[2] Although remand orders are generally unreviewable, <u>see</u> 28 U.S.C. § 1447(d), the Fourth Circuit found that it had jurisdiction to review this case. <u>Ellenburg</u>, 519 F.3d at 196. The Fourth Circuit reasoned that, because the district court only held that the amount in controversy was not sufficiently plead, and not that it was not actually met, the district court must have dismissed because it found the removal notice defective. <u>Id.</u> The Fourth Circuit further reasoned that under § 1447(c), a district court was not authorized to raise a procedural defect <u>sua sponte</u>, and that the matter was therefore reviewable. <u>Id.</u> at 197.

6

Ellenburg merely establishes the standard by which removal notices must be reviewed, i.e., the same standard used to review initial pleadings.[3]

**B. Incorporation Of Allegations In The Original State Court Complaint**

Fisher & Son additionally argue that, even if the double designation standard applies, it has met that standard because the Notice of Removal incorporated by reference the allegations made in the Herod II state court Complaint. Herod argues that Fisher & Son cannot rely on the allegations of the state Complaint, and must make the requisite jurisdictional pleadings anew in the Notice of Removal. While Fisher & Son's arguments in support of its position are unconvincing,[4] the cases cited by Herod himself undermine his

---

[3] One district court in this circuit has cited, with approval, the double designation standard of Hubbard and Calvert since the Fourth Circuit's holding in Ellenburg. See Strudnick v. Whitney, Civ. No. AMD 09-6, 2009 WL 1564177, at *1 (D. Md. May 28, 2009).

[4] Fisher & Son makes three separate arguments that an original state court complaint, at least in this case, if not in all cases, should be reviewed for jurisdictional allegations.
    First, Fisher & Son cites Chaudhary v. Stevens, No. 3:05-cv-382, 2005 U.S. Dist. LEXIS 27447 (E.D. Va. Aug. 9, 2005), for the proposition that courts review the complaint, and not just the removal notice, for sufficient grounds for removal. (Def.'s Opp. 2, Docket No. 9) (quoting Chaudhary, 2005 U.S. Dist. LEXIS 27447, at *8 ("[T]he grounds must be apparent within the four corners of the initial pleading.") (internal quotation mark omitted)). This argument, however, misapprehends Chaudhary which, to begin, was a federal question case, and not a diversity case. See Chaudhary, 2005 U.S. Dist. LEXIS 27447, at *1-2. More importantly, the Chaudhary court was analyzing when a defendant is put on sufficient notice that a federal question exists such that the thirty-day remand time limit would begin to run. Id. at *6 ("In determining when a removing party was put on sufficient notice for removal, a court may rely on the face

7

position, and, in fact, establish that the Court should look to the state Complaint for any "missing" jurisdictional allegations.

One of the principal cases on which Herod relies for his argument that a defendant is required to meet the double designation requirement is Hubbard. Herod has overlooked the fact that, in deciding to remand the case for failure to satisfy the double designation requirement, the court in Hubbard noted that "[n]either the complaint filed in State court nor the petition filed in this Court specifies the citizenship of either defendant or plaintiff as of the time of the filing of the complaint." Hubbard, 611 F. Supp. at 896 (emphasis added). The court therefore acknowledged that it reviewed both the face of the notice of removal filed in that case and the state

---

of the initial pleading on the documents exchanged in the case by the parties, but the grounds must be apparent within the four corners of the initial pleading or subsequent paper." (internal quotation marks omitted)). Chaudhary, therefore, is inapposite to the question posed here.
    Second, Fisher & Son argues that the allegations about the parties' citizenship in the Complaint were "specifically incorporated in paragraph 5 of the Notice [of Removal]." (Def.'s Opp. 4, Docket No. 9.) Paragraph 5 of the Notice of Removal, however, only cites to paragraph 1 of the Complaint, which only contains allegations concerning Herod's citizenship as of the time of the Complaint, and not Fisher & Son's. Thus, even if the Court accepted this argument, there is still no allegation specifically incorporated by reference into the Notice of Removal concerning the citizenship of Fisher & Son at the time of the Complaint.
    Finally, Fisher & Son argues that its factual allegations were sufficient "because it used the language of Form 7(a), which demonstrates the correct form for a statement of jurisdiction." (Def.'s Opp. 6, Docket No. 9.) Form 7(a), however, merely demonstrates the correct form for a statement of jurisdiction in a complaint submitted to federal court based on diversity jurisdiction. This pleading form, therefore, would only be sufficient if the factual allegations necessary to remove a case were identical to those to

Complaint before finding that the removal was defective.

Herod's other principal case, Calvert, does not hold otherwise. While the court there did not explicitly mention that it had reviewed the face of the original state Complaint in determining that "Defendant failed to aver the citizenship of either party as of the time the suit was filed in State court," the court in Calvert explicitly noted, in holding that remand was required that, "having fully reconsidered the issues, I adhere to the view I expressed in Hubbard." Calvert, 618 F. Supp. at 447-48. Every other case that Herod cites for the proposition that the double designation requirement remains valid cites Hubbard as support for that proposition. See, e.g., Traeger Grills E., LLC v. Traeger Pellets Grills, LLC, No. 3:11-cv-536, 2011 WL 5439330, at *3 (D. Or. Nov. 9, 2011) (citing Hubbard); Awasthi v. Infosys Techs. Ltd., No. C-10-0783, 2010 WL 2077161, at *7 (N.D. Cal. May 21, 2010) (finding complete diversity did not exist and citing Hubbard); Strudnick, 2009 WL 1564177, at *1 (quoting Hubbard); Schlegel v. Bank of Am., N.A., No. 3:07-cv-22, 2007 WL 1244567, at *1 (W.D. Va. Apr. 27, 2007) (citing Hubbard).

That authority and common sense teach that a court can look to the state court Complaint to find any jurisdictional allegations missing from the face of a Notice of Removal. Otherwise, the Court

---

plead a diversity case in federal court in the first instance. As discussed above, however, more is required of a notice of remand.

would elevate form over substance. Here, taken in combination, the state Complaint and the Notice of Removal satisfy the double designation requirement, and thus Herod's Motion to Remand must be denied.[5]

### CONCULSION

For the foregoing reasons, Herod's MOTION TO REMAND (Docket No. 6) will be denied and DEFENDANT FISHER & SON COMPANY, INC.'S MOTION FOR LEAVE TO AMEND ITS NOTICE OF REMOVAL (Docket No. 10) will be denied as moot.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 15, 2012

---

[5] It thus is unnecessary to decide the motion for leave to amend the Notice of Removal and it will be denied as moot.

10